IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Pamela Ashby, ) | |
| ) | C.A. No. 2:11-1050-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Eric K. Shinseki, Secretary of Department ) | |
| of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge recommending this Court grant in part and deny in part Defendant's motion for summary judgment. (Dkt. Nos. 18, 28). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff filed this employment action on May 2, 2011, asserting causes of action under Title VII of the Civil Rights Act of 1964, as amended, for racial discrimination, hostile work environment, retaliation, sex/gender discrimination, and for violation of 42 U.S.C. § 1981. (Dkt. No. 1). On April 23, 2012, Defendant filed a motion for summary judgment regarding each cause of action asserted in the complaint. (Dkt. No. 18). Plaintiff then filed a response (Dkt. No. 22), and Defendant filed a reply (Dkt. No. 23). On December 12, 2012, the Magistrate Judge then filed her R&R recommending the Court grant in part and deny in part Defendant's motion for summary judgment. (Dkt. No. 28). Neither party filed timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After a thorough review of the record and the R&R, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court.

The Magistrate Judge properly found Defendant was entitled to summary judgment as to Plaintiff's cause of action for racial discrimination based on Defendant's failure to promote Plaintiff. Plaintiff, proceeding via the familiar *McDonnell Douglas* framework, established a prima facie case. However, she was unable to create a genuine issue of fact as to whether Defendant's legitimate non-discriminatory reason for not promoting her (she was not the most qualified) was pretext. (Dkt. No. 28 at 4-9). Therefore, the Magistrate Judge properly granted summary judgment as to this claim.

The Court agrees there are issues of fact regarding Plaintiff's retaliation claim and that summary judgment is therefore improper as to that cause of action. Plaintiff again avails herself of the *McDonnell Douglas* framework to prove her retaliation claim. Plaintiff presented evidence that she submitted a charge to the EEOC in June 2009; that she received verbal

counseling and a written warning within 90 days of filing that charge; received a less than exceptional evaluation by her supervisors in November 2009; and received a letter of reprimand and was relocated to an isolated trailer in May 2010. (Dkt. No. 28 at 11-12). The Court agrees with the Magistrate Judge that, considering the facts in the light most favorable to Plaintiff, there is a genuine issue of fact regarding each element of Plaintiff's prima facie case. *See EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405-06 (4th Cir. 2005). Similarly, Plaintiff has created a genuine issue of fact as to the nature of Defendant's proffered legitimate non-discriminatory reason. Plaintiff presented evidence which may show she was treated more harshly for customer complaints than other employees. Further, Defendant has not explained Plaintiff's relocation to the trailer. (Dkt. No. 28 at 14). Thus, there is a genuine issue as to whether Defendant's reasons were pretext, and summary judgment regarding Plaintiff's retaliation claim is improper.

The Court also agrees that issues of fact exist as to Plaintiff's hostile work environment claim. Specifically, the Court agrees that Plaintiff's ten-month relocation to the allegedly "dusty, unkempt and . . . nightmar[ish]" trailer might lead a jury to conclude such isolation was sufficiently "severe or pervasive." (Dkt. No. 28 at 16-17). Because this is the only element of the hostile work environment claim seriously argued by Defendant (*see* Dkt. No. 18-1 at 13-20), the Court finds it proper to deny Defendant's motion for summary judgment as to this claim.

Finally, the Court agrees that Defendant is entitled to summary judgment as to Plaintiff's sex/gender discrimination and 42 U.S.C. § 1981 claims. Plaintiff did not respond to Defendant's persuasive arguments that these claims should be dismissed, and further filed no objections to the R&R. (*See* Dkt. No. 22). The Court therefore finds these claims are abandoned, and further that Defendant's position would have been effective. *See Mentch v. E. Sav. Bank, FSB*, 949 F. Supp.

1236, 1247 (D. Md. 1997) (finding Title VII claim abandoned for failure to oppose motion for summary judgment).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 28). Accordingly, the Court grants in part and denies in part Plaintiff's motion for summary judgment. (Dkt. No. 18). Plaintiff's claims for racial discrimination, sex/gender discrimination, and violation of 42 U.S.C. § 1981 are dismissed with prejudice. However, the Court does not dismiss Plaintiff's claims for retaliation and hostile work environment.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 4, 2013
Charleston, South Carolina